HaeRis, J.,
delivered the opinion of the Court.
This bill was filed in the Chancery Court at Har.rison, for the purpose of enforcing a mechanics’ lien. Complainants charge that they are engaged in manufacturing iron and machinery, and that some time in the year 1854, at the request of the defendant, they furnished and put up for him, in a house which he had erected for a large steam tannery, all the boilers, engine, and necessary fixtures for that purpose, to the value of two thousand dollars, which is due and unpaid. They pray that said tannery and the lot upon which it is erected be attached, and that their lien, as mechanics, be enforced for the payment of said debt.
To this bill the defendant demurred, and the demurrer was allowed by the Chancellor; to reverse which an appeal is taken to this Court.
And the only question is, whether the articles furnished by complainants are embraced in the statutes creating a lien in favor of mechanics. And we think they are not.
It is most manifest, from an inspection of the several statutes upon that subject, and the various adjudications thereon, that the lien is only given to the mechanic or undertaker who shall build or repair, either in whole or in part, a house, fixtures or improvements; or who shall furnish materials, or any part of the materials, in such building or repairing; or shall do any work upon said house, either by finishing off the same, painting, ornamenting, or otherwise; *270 and does not embrace machinery which was intended to be used in such house for manufacturing purposes.
In the case of Greenwood, et al., vs. The Tennessee Manufacturing Company, 2 Swan, 130, it was held, that this lien did not exist in favor of a “ merchant who furnished machinery to be used in a building erected for manufacturing purposes.” But, it is insisted, that in that case the machinery was furnished by a merchant, and in the case before the Court they were furnished by mechanics. This can make no difference. Why would not the merchant who purchased the- machinery from the manufacturer, and furnished it to the defendant, be as much entitled to the lien as would the manufacturer who furnished it directly to him? No good reason can be perceived.
It is clear, that if a person who is not a mechanic become an undertaker, and furnish materials that enter into the construction of a house, or employ mechanics to work thereon, such undertaker is within the provisions of the statutes, because the lien is given to him who constructs the house, in whole or in part, or furnishes the materials which enter into its construction ;; but not to the person who sells the furniture which goes into the house, or the person who furnishes the machinery to be used therein, if it is a manufacturing establishment.
We, therefore, think there is no error, and affirm the judgment.